UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NAIA WILSON,<br><br>Defendant | Criminal No. 23cr10205<br><br>Violation:<br><br><u>Count One</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Forfeiture Allegation:</u><br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

<u>INFORMATION</u>

At all times relevant to this Information:

<u>General Allegations</u>

1. From in or about September 2006 until in or about June of 2019, the defendant, NAIA WILSON, was the Head of School of New Mission School, an autonomous pilot school within the Boston Public Schools system.

2. Founded in 1996, New Mission School operates under the principle that schools have the best chance to successfully educate students if they are granted maximum autonomy over their resources, namely, their budget and spending. Accordingly, autonomous pilot schools receive a lump sum per pupil budget from Boston Public Schools, and the pilot school administrators are allowed to decide how to spend that money based on the needs of their school.

3. Pilot school budgets are managed by an "external fiscal agent," which is a third-party entity that contracts with Boston Public Schools. Boston Public Schools requires that funds managed by a pilot external fiscal agent be expended for the purpose for which they are contracted for, *i.e.*, school purposes. The external fiscal agent for New Mission School was an

1

entity called the Center for Collaborative Education ("CCE"). The funds managed by CCE for school purposes were held at a Bank of America account.

4. In order to spend school funds managed by CCE, WILSON, in her role as Head of School of New Mission School, would make a check request to CCE, and CCE would issue a check from the CCE Bank of America account holding the school's funds.

## Scheme to Defraud

5. Beginning in or about April of 2016, and continuing until at least May of 2019, WILSON engaged in a scheme to defraud Boston Public Schools of approximately $38,806.15 by misusing school funds for her own personal use.

6. Under her authority as Head of School of New Mission School, WILSON requested checks from the CCE school account to be issued in the name of other individuals, fraudulently endorsed those checks to herself, and deposited them into her own bank account at Tremont Credit Union without the nominee ever knowing or authorizing her to do so.

7. WILSON also used school funds to pay for two personal, all-inclusive vacations to Barbados for herself and several of her friends.

## Acts in Furtherance of the Scheme to Defraud

8. Among other acts in furtherance of the scheme to defraud, WILSON did the following:

*Fraudulently Endorsed Checks She Requested from CCE to Herself*

9. On multiple dates spanning between September of 2016 through May of 2019, WILSON requested that CCE issue checks to various individuals, purportedly as stipends for work those individuals did at the school and reimbursement for expenses. Some of these individuals had never worked at New Mission School. Once the checks were issued by CCE,

WILSON fraudulently endorsed the checks to herself without the nominee having any knowledge and then deposited them into her personal bank account at Tremont Credit Union.

*Requested Checks from CCE to Pay for Personal Vacations*

10. WILSON requested checks from CCE that were used to pay for two all-inclusive personal vacations to Barbados for WILSON and her friends in 2016 and 2018.

11. For both the 2016 and 2018 Barbados trips, WILSON requested that CCE issue checks payable to other people who went on the trips and then converted that money to pay for the all-inclusive hotel and airfare. WILSON also fraudulently endorsed the checks used to pay for the 2018 trip.

COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

12.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-11 of this Information.

13.     On or about December 27, 2018, in the District of Massachusetts, the defendant,

NAIA WILSON

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | December 27, 2018 | Deposit of a $1,400 check from CCE Bank of America account to WILSON's personal bank account at Tremont Credit Union. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

14. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

## NAIA WILSON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $38,806.15, to be entered in the form of a forfeiture money judgment.

15. If any of the property described in Paragraph 14, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    b. cannot be located upon the exercise of due diligence;

    c. has been transferred or sold to, or deposited with, a third party;

    d. has been placed beyond the jurisdiction of the Court;

    e. has been substantially diminished in value; or

    f. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 14 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                JOSHUA LEVY
                Acting United States Attorney

By:   /s/ *Eugenia M. Carris*
       Eugenia M. Carris
       Charles Dell-Anno
       Assistant U.S. Attorneys

Dated: August 1, 2023